**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DIRECTV, Inc., a California corporation, Plaintiff,** | : | |
| **v.** | : | **C.A. No. 03-548 T** |
| **GENEVA FERRELL, NORMAN GIBBS and JOHN DOES 1-3, Defendants.** | : | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT NORMAN GIBBS**

Plaintiff, DIRECTV, Inc. moves for entry of judgment by default against Defendant NORMAN GIBBS ("Gibbs"), as authorized by Rule 55 of the Federal Rules of Civil Procedure. In support of its Motion, Plaintiff submits the accompanying Memorandum of Law and the Affidavit of Stephen A. Rodio, Esq.

For the reasons set forth in the accompanying materials, Plaintiff respectfully requests that this Court:

(1) Award to DIRECTV minimum statutory damages in the amount of $100,000.00, plus costs in the amount of $205.40 and attorneys' fees in the amount of $3,237.50 for a total award of $103,442.90;

(2) Permanently enjoin Defendant Gibbs from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511; and

(3) Grant DIRECTV such other and further relief as this court deems equitable,

**DIRECTV, Inc.**
**v.**
**Geneva Ferrell, *et al.***
**C.A. No. 03-548 T**

just and proper.

DIRECTV, INC.
By its Attorneys,

Gardner H. Palmer, Jr. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
Tel. 401 274-4040
Fax 401 274-4099

Date: July 26, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DIRECTV, Inc., a California corporation, Plaintiff,** | |
| **v.** | **C.A. No. 03-548 T** |
| **GENEVA FERRELL, NORMAN GIBBS and JOHN DOES 1-3, Defendants.** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT NORMAN GIBBS**

Plaintiff, DIRECTV, Inc. ("DIRECTV"), has moved for judgment by default against Defendant NORMAN GIBBS ("Gibbs"), as authorized by Rule 55 of the Federal Rules of Civil Procedure. This Memorandum is submitted in support of Plaintiff's motion.

## I. Introduction

On November 12, 2004, Default was entered against Gibbs in this action. Plaintiff now moves for entry of judgment against Gibbs. The Default previously entered in this action against Gibbs is similar to a finding of liability against him. *Almedia v. Secretary of Health Education of Welfare*, 622 F. 2d 1044 (1st Cir. 1980). Therefore, based upon the Default that has already entered against Gibbs, Plaintiff has proven sufficient requisite elements to entitle Plaintiff to a finding of liability against Gibbs as to the matters set forth in the Plaintiff's pleadings.

Plaintiff asserted multiple counts of statutory and common law violations in the Complaint against Gibbs. However, in this motion Plaintiff is moving for judgment under:

1. Count Two, 47 U.S.C. § 605(e)(4), Distribution and/or Sale of Signal Theft

Devices in Violation of the Communications Act; and

2. Count Five, 18 U.S.C. § 2511(1)(a), Unauthorized Interception of Electronic Communications in Violation of Federal Wiretap Laws.

Plaintiff contends it is entitled to judgment under all of the counts of its Complaint. Plaintiff is moving for judgment pursuant to Counts Two and Five simply because once liability is established through the default the *minimum* statutory damage for each of these counts is $10,000.00 per violation. Accordingly, this Court should be able to enter judgment with the *minimum* statutory damages of $10,000.00 per device without the necessity of a hearing on damages.

**1. Pertinent Facts Regarding Liability Established From Default**

Based upon the Default that has already entered against Gibbs, Plaintiff has proven certain pertinent facts, including but not limited to, the fact that:

1. Plaintiff is a direct satellite broadcaster, delivering over 225 channels of television and other programming to its residential and business customers on a subscription and pay-per-view basis only;

2. Plaintiff electronically scrambles its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming.

3. Upon activation of an account, Plaintiff's legitimate customers are given a DIRECTV Access Card by Plaintiff;

4. With a DIRECTV Access Card and other system hardware, a legitimate customer can receive and view in a unscrambled format only those channels to which the customer has subscribed or otherwise made arrangement to purchase from Plaintiff;

5. It is possible for dishonest individuals to covertly obtain Plaintiff's signals, without authorization and without payment for the signals, through a variety of methodologies, including, but not limited to, utilizing illegally modified DIRECTV Access Cards and utilizing other related equipment; devices that are primarily of assistance in the unauthorized interception or reception of DIRECTV's satellite television programming (collectively "Pirate Access Devices");

6. On or about August 23, 2001, Gibbs purchased and thereafter received ten (10) Shanty Bootloaders, Pirate Access Devices, from Shanty.com.

7. Gibbs utilized one or more of the Pirate Access Devices for the unauthorized interception of the Plaintiff's satellite television signals; and/or

8. Gibbs utilized one or more of the Pirate Access Devices to knowingly intercept Plaintiff's electronic communications without authorization; and

9. Gibbs distributed and/or sold the Pirate Access Devices to assist others in the unauthorized interception of Plaintiff's satellite television signals;

10. Gibbs trafficked in the Pirate Access Devices knowing or having reason to know that such devices were primarily of assistance in the unauthorized decryption of DIRECTV's satellite signals.

11. All of Gibb's actions were undertaken willfully and knowingly.

**2. Liability Pursuant to Title 47 U.S.C. § 605(e)(4) Established From Default**

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 605 (the "Communications Act"). Title 47 U.S.C. § 605 (e)(4) provides, in part, that it shall be a violation of the statute where any person:

> manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section …

By virtue of the default in this action, Plaintiff has established that Gibbs knowingly utilized the devices he purchased to manufacture or assemble Pirate Access Devices (e.g. by surreptitiously modifying DIRECTV Access Cards) and/or distributed the Pirate Access Devices. Accordingly, Plaintiff has established that Gibbs has committed up to ten independent violations of 47 U.S.C. § 605 (e)(4).

**3. Liability Pursuant to Title 18 U.S.C. § 2511 Established From Default**

This lawsuit also involves violations of 18 U.S.C. § 2511 (the "Federal Wiretap Act"). Title 18 U.S.C. § 2511 (1)(a) provides that it shall be a violation of the statute where any person:

> intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication.

Title 18 U.S.C. § 2520 (a) grants Plaintiff a civil remedy for violations of § 2511. Title 18 U.S.C. § 2520 (a) provides, in part:

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

By virtue of the Default in this action, Plaintiff has established that Defendant Gibbs knowingly utilized the Pirate Access Devices to intercept Plaintiff's electronic communications without authorization. Accordingly, Plaintiff has established that

Defendant Gibbs has committed ten independent violations of 18 U.S.C. § 2511 (1)(a), giving rise to damages pursuant to 18 U.S.C. § 2520.

## II. Minimum Statutory Damages

Based on the facts set forth above, Plaintiff is entitled to a minimum statutory damage award of $100,000.00 pursuant to provisions of Title 47 U.S.C. § 605 or the provisions of Title 18 U.S.C §§ 2511 and 2520.

### 1. Minimum Statutory Damage Award Pursuant to Title 47 U.S.C. § 605

Title 47 U.S.C. § 605 (e)(3)(C)(i)(II) provides for statutory damages for the assembly or manufacture of devices primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services. Section (e)(3)(C)(i)(II) provides, in part that:

> . . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . .

Accordingly, the statutory minimum damage award, for each Pirate Access Device sold or distributed by Defendant Gibbs in violation of 47 U.S.C. § 605(e)(4) pursuant to 47 U.S.C. § 605(e)(3)(c)(i)(II) is $10,000.00 per device, for a total statutory damage award of $100,000.00 with respect to Defendant Gibbs' sale or distribution of Pirate Access Devices.

### 2. Minimum Statutory Damage Award Pursuant to Title 18 U.S.C. § 2520

Title 18 U.S.C. § 2520(c)(2)(B) provides for civil statutory damages for the surreptitious interception of electronic communications in violation of 18 U.S.C. § 2511. Title U.S.C. § 2520(c)(2)(B) provides for statutory damages of "whichever is the greater of

$100 a day for each day of violation or $10,000." This amounts to a minimum statutory damage award of $10,000.00 for the violation of 18 U.S.C. § 2511. *See Desilets v. Wal-Mart Stores, Inc.*, 171 F.3d 711, 714 (1st Cir. 1999) ("Whatever the circumstances, however, if violations occur on 100 days or less, then the minimum statutory award of $10,000 must be paid."). Accordingly, the statutory minimum damage award for Defendant Gibbs' utilization of ten Pirate Access Devices to intercept Plaintiff's electronic communications without authorization in violation of 18 U.S.C. § 2511(1)(a) is $100,000.00 pursuant to 18 U.S.C. § 2520(c)(2)(B).

## III. Injunctive Relief

### 1. This Court Should Permanently Enjoin Defendant From Committing or Assisting in the Commission of Any Violation of 47 U.S.C. § 605 or 18 U.S.C. §§ 2511.

Plaintiff requests injunctive relief under the express provisions of the Communications Act and the Federal Wiretap Act. The Communications Act, 47 U.S.C. § 605(e)(3)(B)(i), provides as follows:

> The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act].

The pertinent language under § 2520 of 18 U.S.C. provides that the Court may award "such preliminary and other equitable or declaratory relief as may be appropriate." 18 U.S.C. § 2520(b)(1). Accordingly, this Court is authorized to permanently enjoin Defendant Gibbs from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or of 18 U.S.C. § 2511, and should do so to prevent such violations.

Plaintiff need not prove irreparable harm for the injunction to issue. Where express authority for issuance of statutory injunctions is provided by legislative enactment, an injunction may issue without resort to the traditional "equitable" prerequisites so long as liability has been established under the statute. *General Instrument Corp. v. Nu-Tek Electronics & Manufacturing, Inc.*, 3 F.Supp.2d 602, 607 (E.D.Pa.1998), *aff'd* 197 F.3d 83 (3d Cir.1999). The terms of the requested injunction are reasonably drafted to thwart any future piracy activities by Defendant Gibbs.

## IV. Attorney's Fees and Costs

Both 47 U.S.C. § 605(e)(3)(B)(iii) and18 U.S.C. § 2520(b)(3) provide that the Court shall direct the recovery of full costs, including awarding reasonable attorneys fees, to an aggrieved party who prevails. The First Circuit follows the "lodestar" approach when awarding attorney's fees pursuant to a federal statutory authorization. *Furtado v. Bishop*, 635 F.2d 915 (1st Cir. 1980). Using the "lodestar" approach, the Court multiplies the number of hours worked by a reasonable hourly rate. In accordance with the Affidavit of Stephen A. Rodio submitted herewith, Plaintiff seeks attorney's fees in the amount of $3,237.50 and costs in the amount of $205.40.

## V. Conclusion

For the reasons set forth above, Plaintiff, DIRECTV, respectfully requests that this Court:

(1) Award to DIRECTV full statutory damages in the amount of $100,000.00, plus full costs in the amount of $205.40 and attorneys' fees in the amount of $3,237.50 for a total award of $103,442.90;

**DIRECTV, Inc.**
**v.**
**Geneva Ferrell, *et al.***
**C.A. No. 03-548 T**

(2) Permanently enjoin Defendant Gibbs from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511; and

(3) Grant DIRECTV such other and further relief as this court deems equitable, just and proper.

DIRECTV, INC.
By its Attorneys,

Gardner H. Palmer, Jr. (#3707)
RODIO & BROWN, LTD.
91 Friendship Street
Providence, RI 02903
Tel. 401 274-4040
Fax 401 274-4099

Date: July 26, 2005